## O. P. Loomis
### v.
## Hannah Downs.

*Action on Note Alleged to be Lost—Payment—Conflict of Evidence— Question for Jury—Instructions.*

1.   Where the evidence is sharply conflicting this court will not interfere with the verdict of the jury.

2.   It is proper to refuse an instruction which is practically identical with another which is given.

3.   In an action on a promissory note alleged to be lost, it is *held:* That a question whether the note was paid was for the jury, the evidence being conflicting; that the defendant was justified in paying the note, if presented by a third person properly indorsed by the payee; and that the element of good faith in making payment was not necessary in an instruction touching the question of payment.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Champaign County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. J. O. CUNNINGHAM, for appellant.

Mr. FRANCIS M. WRIGHT, for appellee.

WALL, J. This was an action of assumpsit upon a promissory note for $490. The defense was payment. There was verdict and judgment for defendant and the plaintiff appeals to this court. The declaration alleged the note was lost, and upon the trial, the plaintiff, not being able to produce it, testified that he had never sold or transferred the note, nor had he ever indorsed it, nor had he ever given the possession of it to any one, and that the last time he remembered seeing it was on a day named when he had received $100 thereon from the defendant in her store, and when he made an entry accordingly on the back of the note. The defendant testified that she had paid the balance due on the note to a man whom she did not know, but who said his name was Miller, a former partner of the plaintiff, who, as he told her, had transferred the note to him that day in a settlement then had between them.

She further stated that the name of plaintiff was indorsed in his handwriting on the note under the words, "Received pay in full," or "Paid in full." That she had never seen this man before or since; that she made no inquiries about it, and that she had since destroyed the note.

This is, in substance, the case made by the proof, though there is other evidence tending to corroborate these statements to some extent on each side. The main point in the case, as thus made, was whether the defendant had paid the note, as she says she did, or whether plaintiff had inadvertently left it in her store when she made the payment of $100. The note was not due when she says she paid it, but there is nothing significant about this, as she says, without contradiction, that it was understood she would pay before due, if she could, and when she paid the $100, she said to plaintiff she would expect to pay all in a short time.

If the note was brought to her with plaintiff's name in-

dorsed, as she says, she was justified in paying to the holder, and really the whole case turns on this point.

She was uncontradicted as to the payment thus alleged except by the denial of plaintiff that he had ever made the indorsement. The jury accepted her version of the matter and found accordingly. If the note was carelessly left in her possession by the plaintiff, and she has manufactured the story to which she testified, she is not only unusually vicious for her sex, but must have been unusually gifted to pass the ordeal of cross-examination with such a lie in her mouth without breaking down. It seems, however, that she convinced the jury, and we are unable to say that their conclusion is not sustained by the record.

The plaintiff may have indorsed the note in blank or in the form she states, and forgot it, and the note may have been lost or stolen from his possession. This may have been the true explanation and would be consistent with honesty on both sides. Whether so or not, the jury probably so believed, and their verdict under the proof should not be disturbed.

Complaint is made of the court's action in regard to instructions. Those refused were, so far as the point in them was applicable and well stated, given in others. That given for defendant is not subject to the objection urged.

If the note was indorsed by plaintiff and paid by defendant to the holder, as is the hypothesis of the instruction, then the defense was good. It was not necessary to include the element of good faith, for if actually indorsed the right to pay was clear, and good faith being presumed on such a state of facts there was no need to mention it in the instruction. As has been shown the real question was whether the payment was so made or whether the defendant got possession of the note by accident.

If she did make the payment there is no occasion to question her good faith in the matter, and in this view of the case it would have imparted no strength or value to the instruction to have added the qualification that the payment must have been *bona fide*.

Did she pay at all, is the vital point; and the jury found she did. The judgment will be affirmed.

*Judgment affirmed.*